J-S66023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROMAN BAZHUTIN | |
| Appellant | No. 458 WDA 2015 |

Appeal from the Judgment of Sentence entered January 28, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0008005-2014 and
CP-02-CR-0011237-2014

BEFORE: OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED MARCH 3, 2016**

Appellant, Roman Bazhutin, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas (trial court) on January 28, 2015. Appellant challenges the sufficiency of the evidence supporting his convictions. Upon review, we affirm.

The trial court summarized the history of this case as follows.

> [Appellant] was charged with Simple Assault and Harassment in relation to a series of assaults on his girlfriend, Tracey Ondek. He appeared before this [c]ourt on January 28, 2015 for a bench trial and, at its conclusion, was adjudicated guilty of all charges. He was immediately sentence[d] to two (2) consecutive terms of probation of two (2) years each, for an aggregate term of probation of four (4) years. A timely Motion

_____

[*] Retired Senior Judge assigned to the Superior Court.

in Arrest of Judgment for a New Trial was filed and was denied on February 12, 2015. This appeal followed.

. . . .

On May 18, 2014, Officer James Fleckenstein, Jr. of the Castle Shannon Police Department responded to a 911 call to [Appellant's] residence for a domestic assault. Upon arriving at the home, Officer Fleckenstein observed a bleeding laceration on the back of Ms. Ondek's head. Ms. Ondek told the Officer that [Appellant] pushed her against the wall and her head hit a corner, causing the laceration. Although Ms. Ondek did appear to be intoxicated, she was aware of what she was describing. Officer Fleckenstein watched Ms. Ondek write and sign a statement and took pictures of her injury.

Thereafter, on July 27, 2014, Officer William Kress of the Castle Shannon Police Department responded to another 911 call to [Appellant's] residence for a domestic assault. Upon arriving at the home, Officer Kress observed that Ms. Ondek's cheek and both of her eyes were swollen and she was shaking. Ms. Ondek told Officer Kress that [Appellant] "beat her up." Again, although Officer Kress did smell alcohol on Ms. Ondek's breath, she was aware of and understood his questions. Officer Kress then watched Ms. Ondek write and sign a statement.

Ms. Ondek testified that on both occasions she was intoxicated and remembered neither the events nor preparing the written statements for the police.

Trial Court Opinion, 7/20/15, at 3-4 (internal citations omitted).

On appeal, Appellant raises one issue for our review.

Did the Commonwealth's evidence fail to establish, beyond a reasonable doubt, that either simple assault or harassment occurred in that due to the victim's extreme intoxication, she could not say how she received the injuries and that the injuries were equally consistent with an accidental fall?

Appellant's Brief at 6.

Although Appellant states his issue as insufficiency of the evidence, the

arguments Appellant makes in his brief do not challenge the sufficiency of

the evidence, but rather the weight of the evidence. Indeed, Appellant argues that the evidence "cuts both ways," and so his conviction was based on the trial judge's particular "reading of the evidence." Appellant's Brief at 17, 19.[1] As Appellant has preserved this issue for appeal through his February 12, 2015 motion for a new trial, we will address its merits.

We review a challenge to the weight of the evidence according to the following standard.

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

---

[1] If Appellant's issue is strictly an argument regarding the sufficiency of the evidence, his argument fails as, under our standard of review, we do not make credibility determinations or reweigh evidence, and we must view the evidence in the light most favorable to the verdict winner. **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

***Commonwealth v. Street***, 69 A.3d 628, 633 (Pa. Super. 2013) (citation omitted).

Appellant argues that the trial court abused its discretion in not believing his version of the facts and not finding his and Ms. Ondek's testimony to be credible. Appellant's Brief at 14-16. Appellant alleges that the trial court not only discredited Ms. Ondek's testimony, but chose to believe the opposite of what she testified to, relying on its rejection of Ms. Ondek's testimony as a substitution for proof on the part of the Commonwealth. Appellant's Brief at 16-17. Appellant argues that Ms. Ondek's testimony rendered the evidence that the trial court relied on "untrustworthy" and asserts that Ms. Ondek's injuries were equally consistent with her falling due to her extreme intoxication. Appellant's Brief at 16. Appellant claims that, as the evidence "cut both ways," he was therefore entitled to an acquittal. Appellant's Brief at 18.

As the weight given to the evidence presented at trial is a choice for the factfinder, the factfinder "is free to believe all, part, or none of the evidence." ***Commonwealth v. Sherwood***, 982 A.2d 483, 492 (Pa. 2009) (citation omitted). Contrary to Appellant's allegation, the trial court did not simply choose to believe the opposite of Ms. Ondek's testimony. Rather, the trial court did not find her testimony, or Appellant's, to be credible, and so it

- 4 -

gave other evidence greater weight. In its Rule 1925(a) opinion, the trial court specifically noted that "[t]wo (2) police officers observed Ms. Ondek with injuries which she told them had been inflicted by [Appellant]. In both instances, Ms. Ondek demonstrated awareness and understanding of the events to the officers, and handwrote statements describing how [Appellant] had assaulted her." Trial Court Opinion, 7/20/15, at 4. Finding no abuse of discretion on the part of the trial court, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2016